IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| CASSIE ANN NULL, | Civil Action No. _____ |
| Plaintiff, | |
| vs. | |
| GURSTEL, STALOCH & CHARGO, P.C. and DISCOVER BANK | |
| Defendants. | |

# COMPLAINT

Cassie Null, by her attorney Ray Johnson, for her claims against the Defendant states:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Iowa Fair Debt Collection Practices Act, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Cassie Ann Null, is a natural person residing in Iowa City, Iowa.

4. Defendant, Gurstel, Staloch & Chargo, P.C. (hereinafter, "Gurstel & Chaco") is a debt collection law firm that does business in Iowa with its principle place of business located in Minneapolis, Minnesota. Gurstel & Chargo represents Discover Bank.

5. Defendant, Discover Bank, is a Delaware state bank that issues credit cards.

6. Defendant Gurstel is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about December 29, 2009, Discover Bank by its attorneys Gurstel & Chargo obtained a judgment against Cassie Rae Null in the amount of $1,679.62.

8. On or about October 15, 2010, Defendants issued a garnishment request at the Plaintiff, Cassie Ann Null's, place of employment. The garnishment served on the Plaintiff was for the wrong Cassie Null.

9. Defendants did little, if anything, to verify they had the correct person. Plaintiff has a different middle name, different social security number, and lives in a different county than the individual responsible for the debt. Neither the judgment nor the credit card belong to the Plaintiff. Plaintiff had her wages garnished for the simple reason her name was similar to the person Defendants were looking for.

## V. FIRST CLAIM FOR RELIEF
(Gurstel, Staloch and Chargo only)

10. Defendant Gurstel, Staloch violated the FDCPA. Defendant's violations include, but are not Limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representations, including but not limited to, the character, amount, or legal status of the debt;

b. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken; and

c. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

11. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF
Both Defendants

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Defendants violated Iowa's Debt Collection Practices Act. Defendants' violations include but are not limited to:

   a. Defendants violated Iowa Code § 537.7103(4) by using fraudulent, deceptive or misleading representations or means to collect or attempt to collect a debt or to obtain information concerning a debtor;

   b. Defendants violated Iowa Code § 537.7103(1) (f) by threatening to take an action prohibited by this chapter or any other law, including violations of Iowa Code § 714.16(2)(a);

   c. Defendants violated Iowa Code § 537.7103(4)(e) by making a representation which tends to create a false impression of the character, extent or amount of a debt or of its status in a legal proceeding; and

14. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for the following:

A. Actual damages.

B. Statutory damages.

C. Costs and reasonable attorney's fees.

D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

_____
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Road
Suite 335
West Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com